1  JOHN P. KRISTENSEN (SBN 224132)
2  DAVID L. WEISBERG (SBN 211675)
   MATTHEW T. HALE (SBN 303826)
3  **KRISTENSEN WEISBERG, LLP**
4  12304 Santa Monica Blvd., Suite 100
   Los Angeles, California 90025
5  Telephone:  310-507-7924
6  Fax:  310-507-7906
   *john@kristensenlaw.com*
7  *david@kristensenlaw.com*
   *matt@kristensenlaw.com*
8

9  ***Attorneys for Plaintiff and all others similarly***
10 ***situated***

11         **THE UNITED STATES DISTRICT COURT**

12   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| JASON WINDEBANK, on behalf of himself and all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| vs. | |
| EVENTGRID, INC.; and DOES 1 through 20, inclusive, and each of them, | (1)  Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* |
| Defendant. | (2)  Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* |
| | **DEMAND FOR JURY TRIAL** |

        Plaintiff Jason Windebank ("Plaintiff"), on behalf of himself and all others

similarly situated, alleges the following upon information and belief based upon

personal knowledge:

///

///

*(left margin, vertical text)* Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## NATURE OF THE CASE

1.     Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant Eventgrid, Inc. ("Defendant" or "Eventgrid") and DOES 1 through 20, in knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business at 200 Dunellen Avenue, Dunellen, New Jersey 08812. Plaintiff also seeks up to $1,500.00 in damages for each call and/or text message in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. §§ 1391(b) and 144(a) because Defendant does business within the State of California and the County of Los Angeles.

## PARTIES

4.     Plaintiff, Jason Windebank ("Plaintiff"), is a natural person residing in California.

5.     Eventgrid is a Delaware corporation with its principal place of business in Dunellen, New Jersey. Plaintiff is informed and believes that

1    Eventgrid conducted and conducts business in Los Angeles County. Eventgrid
2    may be served via its registered agent, United States Corporation Agents, Inc. at
3    300 Delaware Avenue, Suite 210-A, Wilmington, Delaware 19801.

4        6.    The above named Defendant, and its subsidiaries and agents, are
5    collectively referred to as "Defendants." The true names and capacities of the
6    Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown
7    to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the
8    Defendants designated herein as a DOE is legally responsible for the unlawful
9    acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to
10   reflect the true names and capacities of the DOE Defendants when such identities
11   become known.

12       7.    Plaintiff is informed and believes and thereon alleges that at all
13   relevant times, each and every Defendant was acting as an agent and/or
14   employee of each of the other Defendants and was the owner, agent, servant,
15   joint venturer and employee, each of the other and each was acting within the
16   course and scope of its ownership, agency, service, joint venture and
17   employment with the full knowledge and consent of each of the other
18   Defendants. Plaintiff is informed and believes and thereon alleges that each of
19   the acts and/or omissions complained of herein was made known to, and ratified
20   by, each of the other Defendants.

21       8.    At all times mentioned herein, each and every Defendant was the
22   successor of the other and each assumes the responsibility for each other's acts
23   and omissions.

24                    **LEGAL BASIS FOR CLAIMS**

25       9.    In 1991, Congress enacted the TCPA to regulate the explosive
26   growth of the telemarketing industry.  In doing so, Congress recognized that
27   "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…"
28   Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991)

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

(codified at 47 U.S.C. § 227).

10.    Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

11.    In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption.  Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

12.    As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.
- Require solicitors provide him name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibit solicitations to residences that use an artificial voice or a recording.
- Prohibit any call or text made using automated telephone equipment or an

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

13.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

14.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTUAL ALLEGATIONS

15.     On or about Friday, May 6, 2016, Defendant contacted Plaintiff on his cellular telephone number ending in 1132 using an "Automated Telephone Dialing System" (hereinafter "ATDS"), as defined by 47 U.S.C. § 227(a)(1) without first obtaining Plaintiff's written consent.

16.     Plaintiff's SMS ID read "+18189407682."  This number is assigned to Defendant. The text was an automated and unsolicited advertisement stating in part that Plaintiff was eligible to "RSVP for 5 free tickets to Invitation Only

Comedy – Fri 8:30pm."

17.     Plaintiff was annoyed by the text message and wanted Defendant to stop. The text message invaded his privacy and caused him to lose data on his cellular plan.

18.     On information and belief, on each and every occasion in which Defendant contacted Plaintiff, Defendant initiated said contact with Plaintiff through the use of Defendant's ATDS.

19.     Based on the circumstances of the text message, Plaintiff believed Defendant messaged his cellular telephone using an ATDS that automatically selected his number from a computer database.

20.     On information and belief, Defendant's ATDS messaged Plaintiff on every occasion.

21.     On information and belief, and based on the circumstances of the all the messages, Defendant contacted Plaintiff using an ATDS.

22.     Plaintiff understood the purpose of Defendant's messages was to solicit business from Plaintiff.

23.     The telephone number Defendants used was assigned to a cellular telephone.

24.     Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 1132.

25.     Defendant's message(s) constituted message(s) that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.     Plaintiff did not provide Defendant with prior express written consent to receive calls or messages to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

27.     All text message(s) Defendant made to Plaintiff violate 47 U.S.C. § 227(b)(1).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

28.     Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages, together with costs and reasonable attorneys' fees, including attorneys' fees pursuant to Cal. *Code Civ. Proc*. § 1021.5.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any text messages and/or telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided express consent to receiving such texts within the four (4) years prior to the filing of this Complaint.

30.     Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any text messages and/or telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

31.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

32.     This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

33.     **Numerosity**: The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

34.     Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their "prior express consent," to incur certain charges or reduced telephone time and/or cellular data for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls and/or texts, and invading the privacy of said Plaintiff and Class members.

35.     **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof. Common questions of fact and law include, but are not limited to, the following:

(a)     Whether, within the four years prior to the filing of this Complaint, Defendant(s) placed any telephone calls and/or sent any text messages (other than a call and/or text made for emergency purposes or made with the prior express consent of

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

the receiving party) to a Class member using any automated

dialing system or an artificial or prerecorded voice to any

telephone number assigned to a cellular telephone service;

(b)     Whether Plaintiff and the Class members were damaged thereby,

and the extent of the statutory damages for each such violation;

and

(c)     Whether the Defendant(s) should be enjoined from engaging in

such conduct in the future.

36.     **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

37.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and him counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

38.     **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

court system, and protects the rights of each Class member.

39. Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendant(s), and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

40. Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

### (Against All Defendants)

41. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

42. The foregoing acts and omission of Defendant(s) constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. This is a strict liability statute.

43. As a result of Defendant(s)' violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

44.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### (KNOWING AND/OR WILLFUL VIOLATION OF

### THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

### (Against All Defendants)

45.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

46.     The foregoing acts and omissions of Defendant(s) constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

47.     As a result of Defendant(s)' violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.      An order certifying this action as a class action and appointing Plaintiff and him counsel to represent the Class;

2.      For the first cause of action:

- Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq*.;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls and text messages made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

3.      For the second cause of action:

- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls and/or text messages made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  May 12, 2016                      Respectfully submitted,

                                    By:  */s/ John P. Kristensen*

                                         John P. Kristensen (SBN 224132)
                                         *john@kristensenlaw.com*
                                         David L. Weisberg (SBN 211675)
                                         *david@kristensenlaw.com*
                                         **KRISTENSEN WEISBERG, LLP**
                                         12304 Santa Monica Blvd., Suite 100
                                         Los Angeles, California 90025
                                         Telephone:  (310) 507-7924
                                         Fax:  (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated:  May 12, 2016                    Respectfully submitted,

By:  */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
Matthew T. Hale (SBN 303826)
*matt@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906